UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------X

BRANDON DANIELS,

                        *Plaintiff*,

    -against-

UNITED STATES OF AMERICA; JONATHAN
SIEGEL, AUSA; MICHAEL W. GIBALDI, AUSA;
FEDERAL BUREAU OF PRISONS; WARDEN OF
INSTITUTION MDC,
               *Defendants*.

**MEMORANDUM AND ORDER**
22-cv-01011(KAM)(CLP)

----------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

      *Pro se* plaintiff Brandon Daniels, currently incarcerated at the Metropolitan Detention Center ("MDC"), filed this complaint on February 22, 2022 pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights based on his arrest and subsequent confinement at the MDC. Because Plaintiff alleges that federal defendants violated his constitutional rights, the Court liberally construes Plaintiff's complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"), rather than 42 U.S.C. § 1983, which applies only to state, not federal, actors.

      Although Plaintiff's request to proceed *in forma pauperis* is granted, for the reasons stated below, the complaint

1

is dismissed as to the United States of America, Assistant United States Attorney ("AUSA") Jonathan Siegel, AUSA Michael W. Gibaldi, the Warden of Institution MDC ("Warden"), and the Federal Bureau of Prisons ("BOP") for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915A(b)(1) and (2). Plaintiff is, however, granted thirty (30) days from the date of this Memorandum and Order to submit an amended complaint to the extent permitted herein, as detailed below.

## BACKGROUND

Plaintiff asserts several claims resulting from his confinement at MDC. First, he alleges that in December 2020, he was attacked by unnamed and undescribed "staff officers" at MDC, though Plaintiff does not provide any information regarding the incident. (ECF No. 1 ("Compl.") at 1.) Next, Plaintiff alleges that, while incarcerated, he developed a hernia and lost a "substantial amount of weight." (*Id.*) Further, Plaintiff asserts that the conditions of confinement at MDC are poor, that the facility is extremely hot, there is a lack of air circulation, the food is poor, and safety and security are lacking. (*Id.* at 2.) Plaintiff further asserts that he is at increased risk of contracting the coronavirus while incarcerated because he has a preexisting medical condition. (*Id.*) Finally, Plaintiff asserts a claim for false arrest, false imprisonment and alleges misconduct

2

on the part of the prosecutors in his pending criminal action. (*Id*. at 3.)  Plaintiff seeks monetary damages.

## LEGAL STANDARD

### I. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all well-pleaded allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and that a court is required to read a *pro se* plaintiff's complaint liberally and interpret it to raise the strongest arguments it suggests.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint

liberally"). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

### I. Plaintiff's Constitutional Claims

It is well-established that the purpose of a *Bivens* claim is to hold individual federal defendants accountable for their personal conduct that violates a plaintiff's constitutional rights. *See Arar v. Ashcroft,* 585 F.3d 559, 571 (2d Cir. 2009) ("The purpose of the *Bivens* remedy 'is to deter individual federal officers from committing constitutional violations.'") (quoting *Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 70 (2001)); *accord F.D.I.C. v. Meyer,* 510 U.S. 471, 485 (1994).

To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389). Like actions brought against state officials pursuant to 42 U.S.C.

§ 1983, a plaintiff's *Bivens* claims must be brought against the individuals personally responsible for the alleged deprivation of his constitutional rights, not against the federal government or the agencies where they are employed. *See Meyer*, 510 U.S. at 486; *see also Irizarry v. Manhattan Correctional Ctr.,* No. 21-cv-5170 (LTS), 2021 WL 3668045, at *3 (S.D.N.Y. Aug. 17, 2021).

"Because the doctrine of *respondeat superior* does not apply in *Bivens* actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation." *Thomas*, 470 F.3d at 496 (citation omitted); *Martin v. Mihalik,* No. 19-cv-7979 (PMH), 2021 WL 1738458, at *6 (S.D.N.Y. May 3, 2021). A showing of personal involvement of a supervisory defendant includes, but is not limited to, evidence that the supervisory defendant: (1) directly participated in the constitutional violation; (2) failed to remedy the violation after learning of it through a report or appeal; (3) created a custom or policy fostering the violation or allowed the custom or policy to continue after learning of it; (4) was grossly negligent in supervising subordinates who caused the violation; or (5) failed to act on information indicating that unconstitutional acts were occurring. *Thomas*, 470 F.3d at 496-96 (quotations omitted). The fact that a defendant is a supervisor is not enough to impute personal involvement onto that actor; rather, "supervisory

5

liability requires that the 'defendant, through the official's own individual actions, has violated the Constitution.'" *Williams v. Novoa*, No. 19-cv-11545 (PMH), 2021 WL 431445, at *6 (S.D.N.Y. Feb. 5, 2021) (quoting *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (citation omitted)).

### A. Sovereign Immunity

The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see also Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."); *see also Reynolds v. Fed. Bureau of Prisons,* No. 21-cv-4763 (LTS), 2021 WL 2338249, at *2 (S.D.N.Y. June 7, 2021). Thus, the Court dismisses Plaintiff's *Bivens* claims against the BOP under the doctrine of sovereign immunity, and discusses possible claims under the Federal Tort Claims Act, *infra*.

### B. Prosecutorial Immunity

Plaintiff names AUSAs Jonathan Siegel and Michael W. Gibaldi — who prosecuted Plaintiff's underlying criminal action —

as defendants in this suit. *See USA v. Stroia et al.*, No. 19-cr-00221 (RJD) (E.D.N.Y., filed May 10, 2019). "The doctrine of absolute immunity bars claims against government attorneys with regard to their actions in carrying out their prosecutorial functions." *Shapiro v. Goldman*, No. 14 CIV. 10119 (NRB), 2016 WL 4371741, at *16 (S.D.N.Y. Aug. 15, 2016) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 272–73 (1993), *aff'd*, 696 F. App'x 532 (2d Cir. 2017) (summary order)). The doctrine applies to *Bivens* claims as well as Section 1983 claims. *See Zahrey v. Coffey*, 221 F.3d 342, 346 (2d Cir. 2000). Provided that "a prosecutor acts with colorable authority, absolute immunity shields his performance of advocative functions regardless of motivation." *Bernard v. Cty. of Suffolk*, 356 F.3d 495, 498 (2d Cir. 2004).

To determine whether a prosecutor's activity is subject to absolute (or qualified) immunity requires "[a]n examination of the functional nature of the prosecutorial behavior, rather than the status of the person performing the act." *Taylor v. Kavanagh*, 640 F.2d 450, 452 (2d Cir. 1981) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Here, Plaintiff fails to plead any facts to support his allegation of "prosecutorial misconduct," let alone any facts suggesting that absolute immunity would not apply to Defendants for performing their duties in prosecuting Plaintiff. Thus, the Court dismisses Plaintiff's claims against Jonathan

7

Siegel and Michael W. Gibaldi as barred by absolute immunity.

### C. False Arrest, False Imprisonment Claims

Fourth Amendment claims for false arrest, "whether brought under § 1983, pursuant to *Bivens,* or under state law, are analyzed pursuant to the same standards as the applicable state law's false arrest tort." *Nzegwu v. Friedman*, 605 F. App'x 27, 29 (2d Cir. 2015) (citation omitted) (summary order). "Under New York law, false arrest is considered to be a species of false imprisonment, and the two claims have identical elements." *Mejia v. City of N.Y.*, 119 F. Supp. 2d 232, 252 (E.D.N.Y. 2000). A plaintiff alleging false arrest must therefore establish that "(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (*per curiam*) (quoting *Broughton v. State of New York*, 37 N.Y.2d 451, 456 (1975)).

To the extent that Plaintiff seeks to assert a *Bivens* claim for false arrest and false imprisonment in violation of the Fourth Amendment, he fails to allege any facts in support of his claim and fails to name any defendants who are alleged to have been personally involved in Plaintiff's arrest. *See Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995),

8

*modified*, 74 F.3d 1366 (2d Cir. 1996). In the absence of such allegations, Plaintiff's *Bivens* false arrest claims are dismissed.

### D. Denial of Medical Care and Conditions of Confinement at MDC

Liberally construed, Plaintiff's Complaint seeks to assert a *Bivens* claim based on violations of his Fifth or Eighth Amendment rights due to his conditions of confinement and the allegedly inadequate medical care at MDC. Prison officials have a duty under either (1) the Eighth Amendment with respect to convicted prisoners or (2) the Due Process Clauses of the Fifth and Fourteenth Amendments with respect to pretrial detainees in federal custody and state custody, respectively, to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and '[to] take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan,* 511 U.S. 825, 832-33 (1994) (citations omitted); *see Darnell v. Piniero*, 849 F.3d 17, 29 (2d Cir. 2017) (finding that rights of pretrial detainees are considered under the Fourteenth Amendment while rights of sentenced prisoners are considered under the Eighth Amendment).

Here, Plaintiff simply names the MDC Warden in the caption but fails to make any factual allegations against the Warden. Plaintiff does not plead any facts to demonstrate that the Warden was personally involved with or had any knowledge of

9

any alleged constitutional deprivation. *See Thomas v. Dubois*, No. 19-cv-7533 (KMK), 2020 WL 2092426, at *3 (S.D.N.Y. Apr. 30, 2020) (dismissing complaint of a *pro se* incarcerated plaintiff because the plaintiff did "not even mention [the defendant] in the body of the Complaint" (collecting cases)); *see also Moore v. Westchester Cnty.*, No. 18-cv-7782 (KMK), 2019 WL 3889859, at *5 (S.D.N.Y. Aug. 19, 2019) (explaining that "personal involvement is not established where the defendant's name appears only in the caption of the complaint" (citation omitted)); *Mercedes v. Westchester Cnty.*, No. 18-cv-4087 (KMK), 2019 WL 1429566, at *5 (S.D.N.Y. Mar. 29, 2019) (dismissing defendants who were not alleged to have participated in, *inter alia*, any alleged constitutional violations regarding medical care (collecting cases)); *Lovick v. Schriro*, No. 12-cv-7419 (ALC), 2014 WL 3778184, at *3 (S.D.N.Y. July 25, 2014) (dismissing the plaintiff's § 1983 claims against certain defendants whose names appeared only in the caption of the complaint and on the list of all defendants).

## II.  Federal Tort Claims Act

In light of Plaintiff's *pro se* status, the Court has considered whether his claims could be brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. The FTCA "constitutes a limited waiver of sovereign immunity by the United States and allows for a tort suit against the United States under

10

specified circumstances." *Liranzo v. United States*, 690 F.3d 78, 85 (2d Cir. 2012). The only proper defendant for an FTCA claim is the United States of America. *See* 28 U.S.C. § 2679(d)(1) ("[where] the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant"); *see also Irizarry*, 2021 WL 3668045, at *2.

An FTCA claimant must exhaust his administrative remedies before filing suit in federal court by: (1) filing an administrative claim for money damages with the appropriate federal government entity and (2) receiving a final written determination from that agency. *See* 28 U.S.C. § 2675(a); *see also Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013). FTCA claims must be "presented in writing to the appropriate Federal agency within two years after such claim accrues," and an FTCA action must be commenced within six months of when the agency issues its final denial of administrative remedy. *Roberson v. Greater Hudson Valley Family Health Ctr., Inc.*, No. 17-cv-7325 (NSR), 2018 WL 2976024, at *2 (S.D.N.Y. June 12, 2018); *see also* 28 U.S.C. § 2401(b).

Nothing in the Complaint suggests that Plaintiff has either filed an administrative tort claim for money damages with the BOP or received a final written determination from the BOP. Therefore, to the extent that a liberal reading of the Complaint suggests a tort claim, the Court dismisses any potential FTCA claim without prejudice to Plaintiff filing an amended complaint demonstrating that he has appropriately timely and exhausted his administrative remedies, or to file a new timely action asserting an FTCA claim against the United States after he has timely exhausted his administrative remedies.

## CONCLUSION

In light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days from the date of this Memorandum and Order to file an amended complaint alleging additional facts in support of his claims. *See Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000). Should Plaintiff elect to file an amended complaint, he is informed that the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

If Plaintiff chooses to file an amended complaint alleging *Bivens* claims, he must clearly name as defendant(s) those individuals who were allegedly involved in the deprivation of his

federal rights in the caption of the complaint and in the statement of claims. *See, e.g.*, *Flemming v. Velardi*, No. 02 CIV.4113 (AKH), 2003 WL 21756108, at *4 (S.D.N.Y. July 30, 2003). If Plaintiff does not know the name of an individual defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint, and must describe the physical characteristics of the individuals. *See Boyd v. LaGuardia Airport*, No. 21-cv-5000 (KAM), 2022 WL 4357466, at *4 (E.D.N.Y. Sept. 20, 2022).

Further, Plaintiff must provide a short and plain statement of the relevant facts, in accordance with FRCP Rule 8(a), that support each claim against each defendant. That information must include: a) the names and titles of all relevant people; b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred; c) a description of the injuries Plaintiff suffered; and d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief. Any claims pursuant to the Federal Tort Claims Act must allege facts showing timely compliance with administrative prerequisites.

Finally, Plaintiff is informed that an amended complaint does not simply add to the first complaint but instead completely

13

replaces the original complaint. Therefore, Plaintiff must include in the amended complaint all the necessary and relevant information contained in the original complaint, plus the additional facts that are lacking, as discussed in this Order. The amended complaint shall be captioned "Amended Complaint" and bear the same docket number as the original complaint and this Order, No. 22-cv-01011-KAM-CLP. If Plaintiff fails to file an amended complaint within the time allowed (30 days from the date of this Order) or to show good cause why he cannot comply, judgment shall enter dismissing the action with prejudice, and the case will be closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Court respectfully requests the Clerk of Court to service Plaintiff with a copy of this Order and the docket, and to note service by end of day, Tuesday, July 11, 2023.

**SO ORDERED.**

_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

Dated:  July 10, 2023
        Brooklyn, New York

14